Dear Mayor McKaskle:
This office is in receipt of your request for an opinion of the Attorney General in regard to requirements for membership on the municipal planning and zoning commission. Your questions are as follows:
 1. Does L.R.S. 33:4721 through 4732 require that the municipal planning and zoning commission be composed of members who are landowners and qualified voters within the municipality;
 2. May the City Council of Hammond lawfully adopt amendments to Section 24-53 through 24-58 to require that all members of the Hammond Planning and Zoning Commission be landowners, qualified voters and residents of the City of Hammond;
 3. May a member of the Planning and Zoning Commission be removed for cause based on the member's failure to maintain status as a landowner, qualified voter or resident.
In answer to your first question, the requirement of R.S. 33:4727
that the members be landowners and qualified voters is relative to members of the board of adjustment, and not the zoning and planning commission. The Board of Adjustments acts in place of the local City Council and exercise's the Council's legislative power for purposes of hearing appeals concerning zoning issues. Atty. Gen. Op. No. 94-236.
Under R.S. 33:102 every parish and every municipality may create by ordinance a planning commission which will also constitute a zoning commission by R.S. 33:106. R.S. 33:103 provides the municipal planning commission shall consist of not less than five nor more than six members at the discretion of the local legislative body, "all to be appointed by the chief executive of the municipality".
This office in Atty. Gen. Op. No. 86-744 stated it examined R.S.33:103 regarding membership on the municipal planning commission which by virtue of R.S. 33:106 constitutes a municipal zoning commission, and could not find a prohibition against the appointment of a non-resident zoning commissioner. The only requirements found were that the chief executive of the municipality make the appointment and they may be removed after a public hearing for inefficiency, neglect of duty or malfeasance in office.
However, 1990 R.S. 33:103 was amended by Act 699 of as follows:
 Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law. (Emphasis added.)
Since you state the City of Hammond is governed by a Home Rule Charter this provision is pertinent in determining the answer to your remaining two questions. It clearly states when the charter provides for a planning commission or otherwise provides for the functions of a planning commission to be performed by a board or commission the provisions as set forth in the statute concerning membership, appointment, organization and structure shall not be applicable. Therefore, the proposed amendments must be considered in light of the charter provisions to determine if there is any conflict with the charter and if the statutory provisions concerning membership and appointment are applicable or not.
If the charter has no provisions for the commission so that the statute is applicable, R.S. 33:103(B) gives the local legislative body the discretion as to the number of members between five and nine which will constitute the commission, but the mayor is given the unrestrained authority to make the appointments. We believe the proposed amendments would infringe upon this legislative delegation of authority.
We hope this gives you sufficient information in answer to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR